**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Jerome Adams | ) | |
| Margaret Cherry | ) | |
| Michelle Hackett | ) | |
| Juan Taronji | ) | |
| Mechelle Agard | ) | |
| Marlin Alcantara | ) | |
| Guy Alcindor | ) | |
| Andy Almonte | ) | |
| Ekei Ani | ) | |
| Olaitan Aribidesi | ) | |
| Jacqueline Ataliede | ) | |
| Hector Austin | ) | |
| Tabitha Baez | ) | |
| Tina Baez | ) | |
| Mary Baker | ) | |
| Olayinka Balogun | ) | |
| Modesta Baltazar | ) | |
| Donjya Bardliving | ) | Case No. 1:16-cv-03445-RA-RLE |
| Babatunde Baruwa | ) | |
| Andrea Baskett | ) | (JURY TRIAL DEMANDED) |
| Stephanie Batista-Fernandez | ) | |
| Robyn Battle | ) | |
| Rafael Beato | ) | |
| Regine Beauzile | ) | |
| Leonard Bishop | ) | |
| Nadean Blackwood | ) | |
| Bobby Blue | ) | |
| Shawna Blyther | ) | |
| Iris Bonet | ) | |
| Zorina Bostic | ) | |
| Quentin Brathwaite | ) | |
| Ana Bravo | ) | |
| Alexander Brent | ) | |
| Maxine Brereton | ) | |
| Elvis Breton | ) | |
| Lynette Brodie | ) | |
| Bridgett Brown | ) | |
| Felicia Brown | ) | |
| Katherine Brown | ) | |
| Paul Brown | ) | |
| Regina Brown | ) | |
| Sandra Brown | ) | |
| Danette Brown-Allen | ) | |

Ivy Bruce-Davis                         )
Tracey Bruno                            )
Raymond Burgess                         )
Rihanah Burnette                        )
Himama Bushra                           )
Joan Butcher                            )
Godson Caruth                           )
Sang Chae                               )
Chawanda Charae                         )
Rodney Charles                          )
Vielka Chery                            )
Kenneth Clark                           )
Denese Clue                             )
Madeline Coles                          )
Joan Collins                            )
Tashon Cooley                           )
Jasmine Crawford                        )
Vicki Crosson                           )
Rachel Curney                           )
Jeannie Cyril                           )
Fay Dacre                               )
Annie Davie                             )
Chuck Davis                             )
Ebony Dawning                           )
Iris De Jesus                           )
Stevenson Delerme                       )
Nderim Demirovic                        )
Armando Diaz                            )
Lisa Dicks                              )
Deborah Dugger                          )
Adrian Duncan                           )
Emmanuel Duperval                       )
Nicola Edwards                          )
Kanzader Elisa-Wright                   )
Jonathan Emenike                        )
Chantal Emile                           )
Yojaida Estrella                        )
Tyler Felder                            )
Maria Feliu                             )
Jose Fernandez                          )
Vincent Feyi                            )
Estrella Figueredo                      )
Karen Fitten                            )
Dolores Fleming                         )
Sheriann Flot                           )
Gale Flowers                            )

Michelle Ford                          )
Stephen Francis                        )
Susan Fuller                           )
Joseph Furlong                         )
John Gaddam                            )
Valerie Gaddist-Dorsey                 )
Crystal Gaffin-Scott                   )
Eduardo Garcia                         )
John Garcia                            )
Joseph Garrett                         )
Alina Gawronski                        )
Lillian Glawson                        )
Yvette Gomes                           )
Lisa Gomez                             )
Roxanne Gooding-DuBois                 )
Cydia Graham                           )
Wallisha Grant                         )
Edward Grice                           )
Sadie Guerra                           )
Danary Guzman                          )
Maricelis Guzman                       )
Constance Habersham                    )
Wellington Hansberry                   )
Renee Harper                           )
Susan Harper                           )
Felicia Harris                         )
Auddretta Harrison                     )
Anthony Hernandez                      )
Michelle Hernandez                     )
Neyda Herrera                          )
Angela Heywood                         )
Robert Hickson                         )
Natasha Hooper                         )
Wesley Hope                            )
Elizabeth Hunte                        )
Rasheed Ibrahim                        )
Lawrence Ifidon                        )
Thomas Ilori                           )
Leola Innocent                         )
Jarmaine Jackson                       )
Lola James                             )
Machlie Jean-Baptiste                  )
Shahora Jeffery                        )
Olufemi Jegede                         )
Allison Jenkins                        )
Sergo Jeune                            )

Ladinia Johnson                     )
Tara Johnson                        )
Tracy Johnson                       )
Charles Jones                       )
Karess Jones                        )
Lindell Jones                       )
Juliana Joseph                      )
Tiffany Kan                         )
Christopher Kapetanos               )
Adunni Kayode                       )
Pamela Kearse                       )
Shazad Khan                         )
Akinwole Killanin                   )
Julia Kolmakova                     )
Marie Laratte                       )
Marie Lazarre                       )
Lan Lee                             )
Paul Lee                            )
Carol Lenard                        )
Joann Liatto                        )
Laura Little                        )
Efrain Lopez                        )
Pierre Louisere                     )
Evelyn Lucas                        )
Christine Majestic                  )
Simone Manning                      )
Deidre Manns                        )
Cynthia Manuel                      )
Roberta Martin                      )
Merlyn Martinez                     )
Gary Mayo                           )
Patricia McCall-Walker              )
Ana McFarline                       )
Jasmine Menardy                     )
Salvatore Messina                   )
Selvin Mighty                       )
Regina Miguel                       )
JoAnn Milton                        )
Lennox Mitchell                     )
Julia Mitchell-Henry                )
Donnettee Moret                     )
Elton Morris                        )
Irving Moulon                       )
Robert Muldrow                      )
Rachel Mulligan                     )
Aqilah Mu'Min                       )

Milagros Muniz                              )
Hindu Murray                                )
Tunishia Murray                             )
Helen Mwaluko                               )
Joseph Myer, Sr.                            )
Fitzroy Nelson                              )
Nonie Noel                                  )
Boniface Nwosu                              )
Damon O'Donnell                             )
Harrison Ogbolu                             )
Vanessa Okonta                              )
Onyemaechi Okpara                           )
Edwin Olali                                 )
Brian Orr                                   )
Omodolapo Oshode                            )
Anthony Oyibo-Ebije                         )
Tomica Paisley                              )
Eric Parrish                                )
Mic-Arlem Patrice                           )
Joel Pena                                   )
Eunice Pen-Ogbolu                           )
Denise Peoples                              )
Antoinette Phillips                         )
Bikens Pierre                               )
Maria Polanco                               )
Wanda Pollydore                             )
Dean Powell                                 )
Jeannette Profit                            )
Thomas Putko                                )
William Quinonez                            )
Maritza Quito                               )
Ayazul Qurashi                              )
Jose Ramos                                  )
Helen Randolph                              )
Denise Reed                                 )
Johnny Reed                                 )
Javier Reyes                                )
Luis Rivera                                 )
Sylvia Rivera-LaPrince                      )
Cashion Roberts                             )
Lucette Robinson                            )
Sefton Rodney                               )
Andres Rodriguez                            )
Doris Rodriguez                             )
Julio Rodriguez                             )
Olga Rodriguez                              )

Michelle Rollins                              )
Tedra Rosa                                    )
Antonina Rubanova                             )
Paulina Rueda                                 )
Anthony Ruggiero                              )
Diana Ruiz-Maldonado                          )
Cathy Rush                                    )
Alix Saintil                                  )
Carmen Sakepo (Hernandez)                     )
Khalid Salmon                                 )
Jervine Samuel                                )
Edwin Sanabria                                )
Nirmala Sansarran-Moti                        )
Jose Santos                                   )
Jose Santos                                   )
Dmitriy Savenok                               )
Derek Scott                                   )
Sharon Segbefia-Adika                         )
Judy Sharpe                                   )
Joseph Shiva                                  )
Nancy Sibily                                  )
Ann Maria Singh                               )
Simone Smikie                                 )
Celeste Smith                                 )
Cynthia Smith                                 )
Reginald Souffrant                            )
Roberta Sowell                                )
Mikhail Spektor                               )
Michelle Stephenson                           )
Michael Stettin                               )
Mitchell Stroud                               )
Reginald Studwood                             )
Evelyn Suarez                                 )
Yakubu Sulaiman                               )
Lamine Sylla                                  )
Nicole Symon                                  )
Shontoinette Teague                           )
Comfort Thomas                                )
Gregg Thompson                                )
Richard Valentine                             )
Rafaela Vargas                                )
Fernandez Vaz                                 )
Xavier Vega                                   )
James Venezia                                 )
Lorraine Vesa                                 )
Joseph Villamar                               )

Adriana Vivieca                              )
Larry Walker                                 )
Wendy Wallace                                )
Stephanie Walthour                           )
Natasha Ward                                 )
Wayne Warren                                 )
Cassandra Washington                         )
Shonedhua Westry                             )
Christina Wigfall                            )
Delores Williams                             )
Lola Williams                                )
Richard Williams                             )
Deshann Willis                               )
Edward Wilson                                )
Monica Wilson                                )
Janice Winns                                 )
Ken Wisdom                                   )
Yung Wong                                     )
Robert Wu                                    )
Jay Yee                                       )
Mohammad Zaman                               )
                                             )
                                             )
            Plaintiffs,                      )
                                             )
vs.                                          )
                                             )
                                             )
THE CITY OF NEW YORK,                        )
                                             )
            Defendant.                        )
                                             )
                                             )
_____ )

## SECOND AMENDED COMPLAINT

## INTRODUCTION

Plaintiffs, by and through their counsel, the law firms of Woodley & McGillivary LLP, and Spivak Lipton, LLP, for their complaint against the City of New York ("New York City"), state as follows:

## PARTIES

1.      Plaintiffs have given their written consent to be party plaintiffs in this action
pursuant to 29 U.S.C. § 216(b). In addition to the four representative plaintiffs (Jerome
Adams, Margaret Cherry, Michelle Hackett, and Juan Taronji), 290 opt-in plaintiffs
submitted their written consent on May 9, 2016, and another 10 opt-in plaintiffs
submitted their written consents on December 8, 2016. Such written consents are
appended to this Complaint in the attached Appendix.[1]  These written consent forms
set forth each plaintiff's name and address.  Representative Plaintiffs Adams, Cherry,
Hackett, and Taronji bring this action as a collective action in accordance with 29
U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) against the defendant on
behalf of themselves and all others similarly situated, including but not limited to the
opt-in plaintiffs whose consent forms are appended hereto, because of defendant's
unlawful deprivation of plaintiffs' rights to overtime compensation under the FLSA.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and
29 U.S.C. § 216(b).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FACTS

4.      Plaintiffs are, and at all times material herein have been, employed by
defendant in the Human Resources Administration in the position of Associate Fraud

---

[1] The consents in Appendix for the 4 representative plaintiffs, 290 opt-in plaintiffs filed
on May 9, 2016, and the 10 opt-in plaintiffs filed on December 8, 2016 are docketed as
Docket Entry (DE) 2-1, 2-2, 2-3, and 27-1, and they will not be re-filed with this Second
Amended Complaint.

Investigator 1 or Fraud Investigator. Plaintiffs bring this action for a declaratory judgment, back pay and other relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to remedy the defendant's willful and unlawful violations of federal law complained of herein.

5.     Each of the plaintiffs in this action while employed by defendant has been an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).

6.     At all times material herein, each plaintiff has worked for the City of New York's Human Resources Administration as an Associate Fraud Investigator 1 or Fraud Investigator.

7.     At times material herein, plaintiff Juan Taronji has worked as a Fraud Investigator at 250 Church Street, New York, 10013. At times material herein, plaintiff Margaret Cherry has worked as an Associate Fraud Investigator 1 at 250 Livingston St., 4th Floor, Brooklyn, NY 11201.  At times material herein, plaintiff Jerome Adams has worked as a Fraud Investigator at 250 Livingston Street in Brooklyn, NY 11201. At times material herein, plaintiff Michelle Hackett has worked as a Fraud Investigator at 250 Livingston Street, Brooklyn NY 11201. These plaintiffs bring this action on behalf of themselves and the other Associate Fraud Investigator 1 and Fraud Investigator plaintiffs who work or have worked for defendant at all times material herein.

8.     Defendant New York City is, among other things, a juridical entity amenable to suit under the FLSA in that it is, and was at all times material hereto, a public agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x). New York

City has a principal office and place of business located at Broadway and Park Row, New York, New York, 10007, and may be served with process by serving the Office of Corporation Counsel, 100 Church Street, New York, 10007.

9.      Within the last three years and continuing to date, while working in the position of Associate Fraud Investigator 1 or Fraud Investigator on behalf of defendant at the Human Resources Administration, the job duties of plaintiffs Adams, Cherry, Hackett, and Taronji, along with the other plaintiffs all of whom are similarly situated to them, have been to investigate fraud activities involving social benefit programs or tax laws, as well as various other duties and activities related to serving the citizens of New York City. These duties include, but are not limited to, interviewing and corresponding with clients, family members, attorneys, and outside employees (such as nursing home personnel), field work, drafting reports, checking government records, and reviewing computer systems and databases, and similar types of activities.

10.     While working as Associate Fraud Investigator 1s or Fraud Investigators, plaintiffs Adams, Cherry, Hackett, and Taronji, along with the other plaintiffs all of whom are similarly situated to them routinely work over 40 hours a week.  Associate Fraud Investigator 1s and Fraud Investigators are scheduled to work 40 hours a week, Monday through Friday, as their regular schedule, with one hour each day automatically deducted for meal periods. In addition, they frequently work additional hours before the official start time and after the official start time of their regularly scheduled shifts.

11.     Plaintiffs Adams, Cherry, Hackett, and Taronji, along with the other plaintiffs all of whom are similarly situated to them who are Associate Fraud Investigator 1s and Fraud Investigators, come into work approximately 15-30 minutes before the official start time of their shifts every day and perform work, including but not limited to the tasks listed in Paragraph 9, for which they are not compensated and in doing so, are working on their computers, making phone calls, completing paperwork, preparing their interviews and daily work activities, which often includes work in the field to investigate to help ensure that government social benefits programs are being followed in compliance with the law. Plaintiff Associate Fraud Investigator 1s and Fraud Investigators also work through their one-hour meal periods approximately 2-4 times per week performing the tasks listed in Paragraph 9 for which they are not compensated such as making telephone calls regarding eligibility verification, completing required paperwork, researching matters on government databases and the like.  Plaintiff Associate Fraud Investigator 1s and Fraud Investigators also are not compensated for time that they perform work activities, including but not limited to the tasks listed in paragraph 9, after the end of their shifts.

12.     For example, Plaintiff Fraud Investigator Juan Taronji routinely works over 40 hours in a workweek.  During the weeks in which plaintiff Taronji works over 40 hours, defendant fails to properly compensate him for work, including but not limited to when he is performing the tasks enumerated in paragraphs 9 and 11 before the official start time of his shift, after the official end of his shift and during his meal periods. Plaintiff Taronji and the other plaintiffs, all of whom are similarly situated to him, perform these pre-shift and post-shift activities approximately 15-30 minutes per day,

5 days per week. Plaintiff Taronji and the other plaintiffs also work during their uncompensated meal periods 2-4 times per week, and in weeks during which a plaintiff has worked in excess of 40 hours a week. For example, during the week of July 27 – August 2, 2014, plaintiff Taronji worked a total of 48 hours and thirty minutes, excluding his meal periods, and he was not compensated for 2 hours and 30 minutes of this recorded work time.  During the week of March 15 - 21, 2015, plaintiff Taronji worked a total of 48 hours and thirty minutes, excluding his meal periods, but was not compensated for two hours and thirty minutes of this recorded work time although during this recorded work time plaintiff Taronji performed the work activities identified in paragraphs 9 and 11. In addition, during these weeks, plaintiff Taronji also worked during his meal periods for which he received no compensation although during this recorded work time plaintiff Taronji performed the work activities identified in paragraphs 9 and 11.

13.     Plaintiff Jerome Adams routinely works over 40 hours in a work week. During the weeks in which plaintiff Adams works over 40 hours, defendant fails to properly compensate him for work, including but not limited to when he performs the tasks enumerated in paragraphs 9 and 11 before the official start time of his shift, after the official time that his shift ended, and during his meal periods.  Plaintiff Adams and the other plaintiffs, all of whom are similarly situated to him, perform these pre-shift activities approximately 15-30 minutes per day, five days a week.  Plaintiff Adams and the other plaintiffs also work during their uncompensated meal periods 2-4 times per week, and in weeks during which a plaintiff has worked in excess of 40 hours a week. For example, during the week of July 6 – July 12, 2014 plaintiff Adams worked a total

of 51 hours, excluding his meal periods, but was not compensated for two hours of this recorded work time.  During the week of August 27 – 23, 2014, plaintiff Adams worked a total of 54 hours and 45 minutes, but was not compensated for 1 hour and 15 minutes of this recorded work time although during this recorded work time plaintiff Adams performed the work activities identified in paragraphs 9 and 11. During these weeks, plaintiff Adams also worked during his meal periods for which plaintiff Adams received no compensation although during this recorded work time plaintiff Adams performed the work activities identified in paragraphs 9 and 11.

14.     Plaintiff Margaret Cherry routinely works over 40 hours in a work week. During the weeks in which plaintiff Cherry works over 40 hours, defendant fails to properly compensate her for work, including but not limited to when she performs the tasks enumerated in paragraphs 9 and 11 before the official time her shift began, after the official time that her shift ends, and during her meal periods.  Plaintiff Cherry and the other plaintiffs, all of whom are similarly situated to him, perform these pre-shift and post-shift activities approximately 15-30 minutes per day, five days per week. Plaintiff Cherry and the other plaintiffs also work during their uncompensated meal periods 2-4 times per week, and in weeks during which a plaintiff has worked in excess of 40 hours a week. For example, during the week of January 10 – 16, 2016, plaintiff Cherry worked a total of 53 hours and 45 minutes, excluding her meal periods, but was not compensated for one hour and thirty minutes of this recorded work time although during this recorded work time plaintiff Cherry performed the work activities identified in paragraphs 9 and 11. During the week of March 6 - 12, 2016, plaintiff Cherry worked a total of 51 hours and 30 minutes, excluding her meal periods, but

13

was not compensated for one hour and 45 minutes of this recorded work time. During these weeks, plaintiff Cherry also performed work during her meal periods for which she received no compensation although during this recorded work time plaintiff Cherry performed the work activities identified in paragraphs 9 and 11.

15.    Plaintiff Michelle Hackett routinely works over 40 hours in a work week. During the weeks in which plaintiff Hackett works over 40 hours, defendant fails to properly compensate her for work, including but not limited to when she performs the tasks enumerated in paragraph 9 and 11 before the official time her shift began, after the official time her shift ends, and during her meal periods.  Plaintiff Hackett and the other plaintiffs, all of whom are similarly situated to her, perform these pre-shift activities approximately 15-30 minutes per day, five days per week. Plaintiff Hackett and the other plaintiffs also work during their uncompensated meal periods 2-4 times per week, and in weeks during which a plaintiff has worked in excess of 40 hours a week. For example, during the week of July 5 to July 11, 2015 plaintiff Hackett worked a total of 47 hours and 30 minutes, excluding her meal periods, but was not compensated for 15 minutes of this recorded work time although during this recorded work time plaintiff Hackett performed the work activities identified in paragraphs 9 and 11.  During the week of July 12 – July 18, 2015, plaintiff Hackett worked a total of 46 hours and 45 minutes, excluding her meal periods, but was not compensated for thirty minutes of her recorded work time.  During these weeks, plaintiff Hackett also performed work during her meal periods for which she received no compensation although during this recorded work time plaintiff Hackett performed the work activities identified in paragraphs 9 and 11.

14

16.     Plaintiffs Adams, Cherry, Hackett, and Taronji are suffered and permitted to work by defendant without compensation pursuant to defendant's policies and practices, such as providing that it will not pay for overtime worked unless it is pre-approved in advance, but that employees are permitted to work when they arrive prior to the official start time of their shift, after the official time that their shift ends or during their unpaid meal periods, and defendant simply will not pay for it.

17.     The exact amounts of uncompensated work time that each Associate Fraud Investigator 1 or Fraud Investigator works before his or her official start time of each plaintiff Associate Fraud Investigator 1's or Fraud Investigator's shift and the amount of uncompensated time that each plaintiff works at the end of each of their shifts is captured on defendant's timekeeping system, CityTime, as "uncompensated hours" or "noncompensated hours." The amount of uncompensated time that each plaintiff performs during each plaintiff's meal periods is either captured on defendant's computers on which each plaintiff Associate Fraud Investigator 1 or Fraud Investigator works or occurs when plaintiffs are working in the field and do not receive a 1 hour duty free meal period. Therefore, the exact amount of uncompensated time each plaintiff Associate Fraud Investigator 1 or Fraud Investigator has worked in excess of 40 hours a week can be determined through an analysis of defendant's own records and on its computers.

18.     Similar to Associate Fraud Investigator 1 or Fraud Investigator plaintiffs Adams, Cherry, Hackett, and Taronji, each of the other Associate Fraud Investigator 1 or Fraud Investigator plaintiffs have similar scheduled hours and routinely work more than 40 hours in a work week. Additionally, each of the other Associate Fraud

15

Investigator 1 or Fraud Investigator plaintiffs are similarly denied compensation during those workweeks in which they work over 40 hours performing work activities, including but not limited to the tasks enumerated in paragraphs 9 and 11, performed before the official start time of their shifts, during meal periods and after their shifts. The precise amount of uncompensated work time each Associate Fraud Investigator 1 or Fraud Investigator plaintiff performs can also be identified through CityTime, through defendant's computers on which plaintiffs work, and by plaintiffs' field work.

*Nightshift Differential Pay, Meal Payments*
*and the Rate at Which Overtime is Paid*

19.     When plaintiffs Adams, Cherry, Hackett, and Taronji and the other plaintiffs, all of whom are similarly situated to plaintiffs Adams, Cherry, Hackett, and Taronji, work in the evenings beyond their regular shift times, and defendant has decided to compensate them for such work time, they receive night shift differential pay of ten percent (10%) of their basic rate of pay and depending on whether they receive cash or compensatory time, they also receive meal allowances in addition to their basic pay.  Plaintiffs Adams, Cherry, Hackett, and Taronji, and all other plaintiffs, have received these payments in workweeks in which they have worked in excess of 40 hours a week. In calculating cash overtime payments for plaintiffs during weeks in which the plaintiffs work over 40 hours, defendant fails to include night shift differential pay in the regular rate of pay at which overtime is paid to the plaintiffs.

*Payment of Compensatory Time at the Rate of*
*One Hour for One Hour of Overtime Worked*

20.     Plaintiffs Adams, Cherry, Hackett, and Taronji and the other plaintiffs, all of whom are similarly situated to plaintiffs Adams, Cherry, Hackett, and Taronji, who

work over 40 hours a week who work what the defendant considers to be "approved overtime" that the defendant classifies to be "voluntary" are paid in compensatory time rather than cash.  Plaintiffs Adams, Cherry, Hackett, and Taronji and the other plaintiffs, all of whom are similarly situated to plaintiffs Adams, Cherry, Hackett, and Taronji have worked in weeks in excess of 40 hours a week and have been paid in compensatory time rather than cash for some of this overtime work in excess of 40 hours a week and they have been paid one hour of compensatory time for each hour of overtime that is worked in excess of 40 hours per week, for which  defendant has decided to compensate plaintiffs.

<u>*Late Payment of Overtime Worked*</u>

21.    In those instances in which defendant has compensated plaintiffs Adams, Cherry, Hackett, and Taronji and the other plaintiffs, all of whom are similarly situated to plaintiffs Adams, Cherry, Hackett, and Taronji, for working hours in excess of 40 hours a week, the defendant requires that defendant's managers approve such time before paying the plaintiffs for it. Due to delays by the managers, plaintiffs Adams, Cherry, Hackett, and Taronji and the other plaintiffs, all of whom are similarly situated to plaintiffs Adams, Cherry, Hackett, and Taronji, have been paid more than one pay period after the date that plaintiffs have been paid for their non-overtime work hours for that week. The delay in payment is done either because the defendant's managerial staff has simply failed to transmit purportedly necessary information to payroll that defendant likes to have to pay overtime to plaintiffs, because defendant simply does not want to incur the cost for budgetary reasons in that particular financial quarter (e.g, when employees' pay exceeds a predetermined cap), or for other

reasons that are unrelated to defendant's ability to determine the amount of overtime compensation that is owed to the plaintiffs.

## COUNT I

## FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFFS ARE SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)

22.     Plaintiffs hereby incorporate by reference paragraphs 1 through 21 in their entirety and restate them herein.

23.     At all times material herein, during those work weeks in which plaintiffs Adams, Cherry, Hackett, and Taronji and the other plaintiffs, all of whom are similarly situated to plaintiffs Adams, Cherry, Hackett, and Taronji have worked hours in excess of 40 hours a week, they have performed work activities, including but not limited to the tasks enumerated in paragraphs 9 and 11, without compensation before the start of their shifts and after their shifts, all of which is recorded on defendant's time keeping system CityTime, and during their meal periods, which is recorded on their assigned computers or through records reflecting that plaintiffs have worked in the field. Accordingly, as a result of these pay practices, defendant has failed to provide plaintiffs with the rights and protections provided under section 7(a) of the FLSA, 29 U.S.C. § 207(a).

24.     Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein.  In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours employees are suffered or permitted to work in excess of forty hours per week.  Defendant has failed

to comply with the overtime pay requirements of the FLSA in the manner outlined herein by failing to compensate plaintiffs for work that they have been suffered or permitted to work before the official start time of their shifts, during their uncompensated meal periods and after the official end time of their shifts.

25.     As a result of defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of the defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the plaintiffs from which the amount of defendant's liability can be ascertained.

26.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

27.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

## FAILURE TO PROPERLY CALCULATE THE REGULAR RATE OF PAY IN VIOLATION OF SECTION 7 OF THE FLSA

28.     Plaintiffs hereby incorporate by reference paragraphs 1 through 27 in their entirety and restate them herein.

29.     Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions.  During workweeks in which plaintiffs Adams, Cherry, Hackett, and Taronji and the other plaintiffs, all of whom are similarly situated to plaintiffs Adams, Cherry, Hackett, and Taronji, work over 40 hours, defendant has failed to include certain premium payments such as night shift differential pay and meal money payments that are made in addition to plaintiffs' regular pay in the regular rates of pay at which overtime pay is calculated for the plaintiffs for working in excess of 40 hours a week as required under the law.

30.     Defendant's failure to include night shift differential pay and other forms of additional compensation, such as meal money, in plaintiffs' regular rates of pay violate section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b).  The failure to include night shift differential pay and meal money payments in plaintiffs' regular rates means that when plaintiffs receive paid overtime for working over 40 hours a week, they are paid at a rate that is below the rate mandated by the FLSA.

31.     As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other

employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

32.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

33.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT III

**FAILURE TO PAY FLSA OVERTIME IN A TIMELY MANNER BY PAYING FOR OVERTIME WEEKS OR EVEN MONTHS AFTER THE OVERTIME HAS BEEN WORKED**

34.     Plaintiffs hereby incorporate by reference paragraphs 1 through 34 in their entirety and restate them herein.

35.     The FLSA mandates that overtime compensation be paid on the regular pay day for the period in which such workweek ends. Overtime payments under the Act may not be delayed except as reasonably necessary to compute the amount owned and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106.  Defendant has violated these basic principles by delaying overtime payments to plaintiffs Adams, Cherry, Hackett, and Taronji and the other plaintiffs, all of whom are similarly situated to plaintiffs Adams, Cherry, Hackett, and Taronji, during the weeks in which they work in excess of 40 hours by weeks and in some cases months, with such delay not being reasonably necessary to compute calculating plaintiffs' overtime pay, but rather because of a

failure by management personnel to approve overtime payments or due to management withholding such payments until the next budgetary quarter.

36.     Defendant's failure to pay plaintiffs FLSA overtime pay in a timely manner and its withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

37.     As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a).  Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

38.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

39.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT IV

## FAILURE TO COMPLY WITH THE REQUIREMENT THAT FLSA OVERTIME BE PAID AT THE RATE OF ONE AND ONE-HALF TIMES THE PLAINTIFFS' REGULAR

## RATES OF PAY AND INSTEAD COMPENSATING PLAINTIFFS WITH STRAIGHT TIME, HOUR FOR HOUR COMPENSATORY TIME

40.     Plaintiffs hereby incorporate by reference paragraphs 1 through 39 in their entirety and restate them herein.

41.     During the weeks in which plaintiffs Adams, Cherry, Hackett, and Taronji and the other plaintiffs, all of whom are similarly situated to plaintiffs Adams, Cherry, Hackett, and Taronji, have worked in excess of 40 hours in a week, defendant has mandated that all "voluntary overtime" be compensated in compensatory time.  In these weeks, defendant has provided compensatory time at the rate of one hour of compensatory time for each hour of "voluntary overtime" worked, and defendant has done so regardless of whether the overtime hours for which it was compensating the plaintiffs were for work in excess of 40 hours a week.

42.     Section 207(o) of the FLSA, 29 U.S.C. § 207(o), permits public agency employers such as defendant to provide compensatory time in lieu of cash overtime to their employees as payment for overtime hours worked, but only provided that certain conditions are met.  See 29 U.S.C. § 207(o); 29 C.F.R. §§ 553.20-28.  One of the basic requirements is that employees receive compensatory time at the rate of one and one-half hours of compensatory time for each hour of overtime worked.  29 U.S.C. § 207(o)(1).  Defendant has violated section 7(o) of the FLSA, 29 U.S.C. §§ 207(o) by failing and refusing to compensate plaintiffs for their overtime work at the rate of one and one-half hours of compensatory time for each overtime hour worked, and instead compensating them at the rate of one hour of compensatory time for each hour of overtime worked.

43.     As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a).  Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

44.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

45.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand that their claims be tried before a jury.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that this Court:

(a)  Enter judgment declaring that the defendant has willfully and wrongfully violated their statutory obligations, and deprived each of the plaintiffs of his and her rights;

(b)  Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c)  Award plaintiffs monetary liquidated damages equal to their unpaid compensation;

(d)  Award plaintiffs interest on their unpaid compensation;

(e)  Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f)  Grant such other relief as may be just and proper.

Respectfully submitted,


/s/ Gregory K. McGillivary
Gregory K. McGillivary
David W. Ricksecker
Sarah M. Block
WOODLEY & McGILLIVARY, LLP
1101 Vermont Ave., N.W.
Suite 1000
Washington, DC  20005
Phone:  (202) 833-8855
gkm@wmlaborlaw.com
dr@wmlaborlaw.com


/s/ Hope Pordy
Hope Pordy
SPIVAK LIPTON, LLP
1700 Broadway
Suite 2100
New York, NY  10019
Phone: (212) 765-2100
hpordy@spivkalipton.com

25

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2016, the foregoing Second Amended

Complaint was filed on this Court's ECF system, which will send electronic notification

to the following counsel for defendant:

> Andrea O'Connor
> Assistant Corporation Counsel
> Office of Zachary W. Carter, Corporation Counsel
> of the City of New York
> 100 Church Street, Room 2-104
> New York, NY 10007
> Phone: (212) 356-4015
> Email: aoconnor@law.nyc.gov
>
> Natalie Sharon Marcus
> Office of Zachary W. Carter, Corporation Counsel
> of the City of New York
> 100 Church Street, Room 2-104
> New York, NY 10007
> Phone: (212) 356-2629
> Email: nmarcus@law.nyc.gov

*/s/ Gregory K. McGillivary*
Gregory K. McGillivary