USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 3/3/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEROME ADAMS, *et al.*,

                      Plaintiffs,

               v.

CITY OF NEW YORK,

                      Defendant.

No. 16-CV-3445 (RA)

ORDER ADOPTING REPORT AND RECOMMENDATION

RONNIE ABRAMS, United States District Judge:

Plaintiffs, Fraud Investigators and Associate Fraud Investigators for New York City's Human Resources Administration, bring this action on behalf of themselves and similarly situated individuals against the City for violations of the Fair Labor Standards Act's ("FLSA") overtime provisions. On June 29, 2017, the Court granted Plaintiffs' motion for conditional certification of a collective action. *See Hernandez v. City of New York*, No. 16-CV-3445 (RA), 2017 WL 2829816 (S.D.N.Y. June 29, 2017). Following discovery, the City moved for decertification. Dkt. 127. On August 29, 2019, Magistrate Judge Stewart Aaron issued a Report and Recommendation (the "Report") recommending that the Court deny the City's motion. Dkt. 141. The City filed its objections on September 24, 2019, Dkt. 146, and Plaintiffs responded on September 27, 2019, Dkt. 147.

The Court assumes the parties' familiarity with the facts, as outlined in detail in the Report and in this Court's prior opinion. *See* Report at 1-7; *Hernandez*, 2017 WL 2829816, at *1-3. After reviewing the Report and the City's objections, the Court adopts Judge Aaron's well-reasoned recommendation in its entirety. The City's motion for decertification is therefore denied.

## LEGAL STANDARDS

When a magistrate judge has issued a report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made [therein]." 28 U.S.C. § 636(b)(1). "When a timely and specific objection to a report and recommendation is made, the Court reviews *de novo* the portion of the report and recommendation to which the party objects." *Razzoli v. Federal Bureau of Prisons*, No. 12 Civ. 3774 (LAP) (KNF), 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014) (citing 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72(b)(3)); *see also Time Square Food Imports LLC v. Philbin*, No. 12 Civ. 9101 (PAE) (HBP), 2014 WL 521242, at *2 (S.D.N.Y. Feb. 10, 2014) (requiring objections to be "specific and clearly aimed at particular findings in the magistrate judge's report") (internal quotation marks and citation omitted). "To accept those portions of the report to which no timely objection has been made, however, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *Razzoli*, 2014 WL 2440771, at *5 (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Moreover, "[w]hen a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002); *see also Crum v. Billingsby*, No. 11 Civ. 2979 (GBD) (RLE), 2014 WL 2855030, at *1 (S.D.N.Y. June 20, 2014) ("[W]here the objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [motion], reviewing courts should review a report and recommendation for clear error.") (citation omitted). "A magistrate judge's decision is clearly erroneous only if the district court is 'left with the definite and firm conviction that a mistake has been committed.'" *Stenson v. Heath*, No. 11-CV-5680

(RJS) (AJP), 2015 WL 3826596, at *2 (S.D.N.Y. June 19, 2015) (citation omitted).

## DISCUSSION

Rather than lodge any specific objections to the Report, the City makes one general objection, arguing that the Report "erroneously concludes that [the City] has a common policy of not compensating Plaintiffs for pre-shift, post-shift and/or meal period work." *See* Obj., Dkt. 146, at 2. According to the City, it has "demonstrated that it has compensated Plaintiffs for pre-shift, post-shift and/or meal period work, and thus the common policy relied upon by Plaintiffs to support class certification is based on a contention that is not supported by the record." *Id.* This precise argument was the focus of the City's underlying motion for decertification. The City previously argued that Plaintiffs' "pre-shift, post-shift, and meal period claims are based upon the individualized and varying practices of their supervisors[,] . . . rather than a common policy or plan that violates the law." *See* City Mot., Dkt. 128, at 12; *see also id.* at 19-20 ("Far from alleging a common, unlawful policy, the testimony of the twenty-three deposed Plaintiffs clearly demonstrates that Plaintiffs' off-the-clock overtime claims are based on Plaintiffs' individual, highly fact-specific employment circumstances."); *id.* at 23 ("Additionally, the Court should decertify the collective in this case because their off-the-clock overtime claims are subject to individualized defenses that are not common to all plaintiffs."). Judge Aaron specifically noted that the City's arguments were "premised on its contention that Plaintiffs are not subject to a common, unlawful policy." Report at 10. He then considered and rejected the City's assertions (1) that the Fraud Investigators Levels 1 and 2 ("F1s" and "F2s") are not similarly situated to the Associate Fraud Investigators Level 1 ("AF1s") because their job responsibilities are materially different, *see id.* at 11-15; and (2) that the City has individualized defenses to each of the Plaintiffs'

3

claims, *see id.* at 15-16. These are the very same arguments that the City asserts in its objections.[1]

Because the City raised these arguments before Judge Aaron, the Court reviews them for clear error. *See IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865 (LTS) (GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) ("To the extent . . . that the party . . . simply reiterates the original arguments, the Court will review the Report strictly for clear error."). After review, the Court finds no clear error in Judge Aaron's determination that collective treatment is appropriate here.

"In determining whether to decertify a FLSA collective action, courts in this District generally consider the (1) disparate factual and employment settings of the individual plaintiffs; (2) defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations counseling for or against [collective action treatment]." *Thind v. Healthfirst Mgmt. Servs., LLC*, No. 14 Civ. 9539 (LGS), 2016 WL 7187627, at *2 (S.D.N.Y. Dec. 9, 2016) (internal quotation marks and citation omitted). The named plaintiff has the burden of showing by a preponderance of the evidence that the opt-in plaintiffs are similarly

---

[1] As Plaintiffs point out, the City's objections appear to "merely rehash[] its original argument" from its underlying motion for decertification, and to do so "virtually verbatim." Pl. Response, Dkt. 147, at 4. For instance, in its objections, the City argues that "Plaintiffs' off-the-clock claims are not suitable for collective treatment because: (1) F1s and F2s are not similarly situated to AF1s because of their different professional responsibilities, particularly because AF1s approve timesheets and overtime requests for F1s and F2s; (2) all of Plaintiffs' claims are based upon their individual employment circumstances, such as their particular supervisors, posts and assignments, facilities, and personal customs and preferences; and (3) all of Plaintiffs' claims are subject to differing defenses." Obj. at 15. The Report specifically addressed and rejected these arguments. *See* Report at 10 ("The City contends that Plaintiffs' off-the-clock claims are unsuitable for collective treatment because: (1) F1s and F2s are not similarly-situated to AF1s because some AF1s supervise F1s and F2s; (2) they are based on individualized factors and circumstances such as work location, supervisor, work assignments and personal preferences; and (3) they are subject to individualized defenses."). The City also relies primarily on the same legal authority in both its motion for decertification and its objections, such as *Zivali v. AT&T Mobility, LLC*, 784 F. Supp. 2d 456 (S.D.N.Y. 2011), *Seward v. IBM Corp.*, No. 08 Civ. 3976 (VB) (PED), 2012 WL 13059788 (S.D.N.Y. Jan. 20, 2012), and *DeSilva v. N. Short-Long Island Jewish Health Sys., Inc.*, 27 F. Supp. 3d 313 (E.D.N.Y. 2014). *Compare* City Mot. at 21, *with* Obj. at 19. In its objections, the City argues that the Report "questions [its] reliance upon *Zivali*, concluding that the case is factually distinguishable," Obj. at 13, but Judge Aaron specifically addressed the City's use of *Zivali*—and of other cases, including *DeSilva*—*see* Report at 12-13, and the Court finds no error in his analysis of those cases or their application here.

4

situated. *See id.* But all that is required at this stage is "a persuasive showing that the original and opt-in plaintiffs were common victims of a FLSA violation pursuant to a systematically-applied company policy or practice such that there exist common questions of law and fact that justify representational litigation." *Perry v. City of New York*, No. 13-CV-1015 (VSB), 2019 WL 1146581, at *4 (S.D.N.Y. Mar. 13, 2019) (citation omitted); *see also Alonso v. Uncle Jack's Steakhouse, Inc.*, No. 08 Civ. 7813 (DAB), 2011 WL 4389636, at *3 (S.D.N.Y. Sept. 21, 2011) ("[T]he 'similarly situated' requirement of 29 U.S.C. § 216(b) is considerably less stringent tha[n] the requirement of Fed. R. Civ. P. 23(b)(3) that common questions 'predominate.'") (citation omitted). That standard has been met here.

As an initial matter, Judge Aaron did not "conclude" that the City "has a common policy of not compensating Plaintiffs," as the City suggests. Obj. at 2. Rather, Judge Aaron found that Plaintiffs had made the requisite "persuasive showing," at this stage in the litigation, that their "off-the-clock claims are based on a common policy," and that based on the relevant factors, this case is suitable for collective action treatment. *See* Report at 13, 15-16. The Court finds no clear error in this conclusion. *See Worley v. City of New York*, No. 17-cv-4337 (LGS), Dkt. 205 at 7-8 (finding that collective action treatment is appropriate where plaintiffs include current and former School Safety Agents from three different subgroups because "[a]ll SSAs are subject to the same rules and policies for timekeeping and overtime" and plaintiffs "persuasively show[ed] that the [claim for uncompensated pre-shift, meal-period and travel-time work] arises out of a common policy and practice").

In the alternative, the City seeks for the Court to modify the Report "such that the Plaintiffs are only certified as 'similarly situated' under Section 216(b) in connection with their claim that the City has a policy and practice of not compensating Plaintiffs for overtime work that is not pre-

5

approved." Obj. at 25. The City has provided no basis for its requested modification, and the Court discerns no reason to modify the Report as such. Accordingly, this request is denied.

In sum, the Court finds no clear error in Judge Aaron's Report. *See Walker*, 216 F. Supp. 2d at 292.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report and Recommendation in its entirety. Accordingly, the City's motion for decertification is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 127.

SO ORDERED.

Dated: March 3, 2020
New York, New York

Ronnie Abrams
United States District Judge